(45 Misc. Rep. 178)

### FRIEDMAN v. BITTKER et al.

(Supreme Court, Special Term, New York County. November, 1904.)

1. REAL ESTATE BROKER—ACTION FOR COMMISSIONS—WRITTEN AUTHORITY.

A real estate broker entered into a contract with the proposed purchaser of certain premises which the broker was employed to sell, by which the purchaser, in consideration of information furnished by the broker as to the owner of the property and permission to deal directly with the owner without the intervention of the broker, agreed to pay the broker a certain sum if he purchased the property. *Held* no defense to an action on the contract that the broker did not have written authority from the owner of the property to offer it for sale, as required by Laws 1901, p. 312, c. 128, as the contract was not made by the broker with the owner of the property, but with the purchaser.

Action by Samuel Friedman against Isaac Bittker and Abraham Rosenblum. Demurrer to answer sustained.

Johnston & Johnston, for plaintiff.
Abraham Nelson, for defendants.

BLANCHARD, J. The complaint alleges that the plaintiff, a real estate broker, was authorized by the owner of certain real estate to offer it for sale at the price of $90,000; that the owner agreed to pay the plaintiff the usual brokerage of 1 per cent. if the latter secured a purchaser of the real estate at the price stated; that the defendants, to whose attention plaintiff had introduced the said real estate, agreed with the plaintiff that, if he would furnish to the defendants the name and address of the owner of the real estate, and permit them to conduct negotiations for the purchase of the same directly with the owner, they (the defendants) would pay to the plaintiff, in the event of their purchasing said premises, the brokerage of 1 per cent. The complaint further alleges that the plaintiff performed his part of this agreement, the result of which was that the defendants purchased the property from the owner without his intervention, and that the defendants now decline to pay him the brokerage agreed upon. To this complaint the defendants interpose a defense to the effect that the plaintiff did not have at any time a written authority from the owner to offer said

premises for sale, as required by chapter 128, p. 312, of the Laws of 1901. To this defense the plaintiff demurs upon the ground that it is insufficient in law upon the face thereof. The Appellate Division in this department has sustained this statute (Whiteley v. Terry, 83 App. Div. 197, 82 N. Y. Supp. 89), while the Appellate Division in the Second Department has declared it to be unconstitutional (Grossman v. Caminez, 79 App. Div. 15, 79 N. Y. Supp. 900; Cody v. Dempsey, 86 App. Div. 335, 83 N. Y. Supp. 899). But for the purposes of this demurrer it is not necessary to discuss the effect of the statute, for, in my opinion, the right of the plaintiff to recover does not depend upon it. The contract upon which he relies was not made with the owner of the property, but with defendants. The terms of this contract were that, in consideration of the plaintiff giving to the defendants information respecting the name and address of the owner and permitting them to deal directly with the owner, without the plaintiff's intervention as broker, they would pay him a certain sum if their own negotiations resulted in a purchase of the real estate by them. Such a contract as that does not come within the provisions of the statute pleaded by the defendants. The demurrer is sustained, with costs, with leave to the defendants to serve an amended answer within 20 days upon payment of costs.

Demurrer sustained, with costs, with leave to serve an amended answer within 20 days on payment of costs.